# United States Court of Appeals for the Fifth Circuit

---

No. 22-10325

---

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2023

Lyle W. Cayce
Clerk

SHAMARCUS TORRELL CARTER,

*Plaintiff—Appellant*,

*versus*

DALLAS COUNTY SHERIFF'S DEPARTMENT,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-2723

---

Before ELROD, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Shamarcus Torrell Carter, Texas prisoner # 2278813, has filed a motion to proceed in forma pauperis (IFP) in this appeal from the dismissal of his civil rights complaint. Carter's IFP motion challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-10325

'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

The district court concluded that Carter's claims of ineffective assistance of counsel and his claims of judicial and prosecutorial misconduct were barred by judicial immunity, prosecutorial immunity, and *Heck v. Humphrey*, 512 U.S. 477 (1994). Carter fails to raise any issue relevant to the district court's ruling. Because Carter fails to brief any challenge to the district court's reasons for dismissing his civil rights action, the issues are abandoned. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Carter does not make the requisite showing that he has a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Carter is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).